IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:11-HC-2053-BO

| | |
|---|---|
| BRANDON BRASWELL,<br>    Petitioner, | )<br>)<br>) |
| v. | )    O R D E R<br>) |
| W.A. SHERROD,<br>    Respondent. | )<br>) |

Petitioner, a federal inmate, filed this habeas petition citing 28 U.S.C. § 2241. Petitioner is currently housed at the United States Penitentiary in Louisiana. Presently, the matter is before the court on initial review. See 28 U.S.C. § 2243. In this initial review the court considers both the petition (D.E. # 1) and the motion to amend (D.E. # 3).

On November 8, 2004, petitioner entered into a guilty plea of two counts of armed bank robbery and two counts of possession of a firearm during a crime of violence in violation of 18 U.S.C. § 2113(a) and (d) and 18 U.S.C. § 924. United States of America v. Braswell, 5:04-CR-45-F. Counts 5 and 6 were dismissed and Braswell was given a motion for downward departure for substantial assistance. Id. Braswell contends that his present federal conviction is illegal and unconstitutional because of a jurisdictional issues, judicial error, and Fifth and Sixth Amendment violation. He also states that he "did not file a 28 U.S.C. § 2255 because [his] time ran out to do so." (Compl. # 13, p. 4) Section 2241 may only be used to mount a collateral attack upon a conviction, if the traditional remedy under 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of a person's detention. 28 U.S.C. § 2255; United States v. Pregent, 190 F.3d 279, 284 n.6 (4th Cir. 1999); Swain v. Pressly, 430 U.S. 372, 381 (1977).

The Fourth Circuit has found that § 2255 is inadequate and ineffective to test the legality of an inmate's conviction only when the inmate satisfies a three-part standard by showing that: (1) at the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoners direct appeal and first § 2255 motion, the substantive law changed such that the convicting conduct is no longer deemed criminal; and (3) the prisoner can not satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law. In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000). Petitioner does not satisfy the second or third prong of Jones. Likewise, a § 2255 motion is not inadequate or ineffective because the one-year statute of limitations has expired. Cradle v. United States, 290 F.3d 536, 538–39 (3d Cir. 2002) (per curiam); United States v. Peterman, 249 F.3d 458, 461 (6th Cir. 2001). Furthermore, prior to converting a § 2241 petition into a § 2255 petition, the court must provide petitioner notice pursuant to Castro v. United States, 540 U.S. 375, 382-83 (2003).

Accordingly, the motion to amend is ALLOWED (D.E. # 3). However, because a § 2255 is now time barred and because notice is required prior to converting a § 2241 in ths posture into a § 2255, this court shall not convert the matter, but shall DISMISS the matter without prejudice. Having so determined, all other pending motions (D.E. # 2, # 4, # 6, # 8, and # 12) are DENIED as MOOT. The Clerk is DIRECTED to close the case.

SO ORDERED, this the **10** day of November 2011.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE